UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE GUILLEN and JESUS JIMENEZ, on behalf of themselves, individually, and on behalf of all others similarly-situated, <br><br> Plaintiffs, <br><br> -against- <br><br> CITY GATES USA CORP. and VINCENT GRECO, individually, <br><br> Defendants. | **COMPLAINT** <br><br> **Docket No.: 19-cv-04596** <br><br> Jury Trial Demanded |

JOSE GUILLEN and JESUS JIMENEZ (together as "Plaintiffs"), on behalf of themselves, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for their Complaint against CITY GATES USA CORP. ("City Gates") and VINCENT GRECO, individually, (together as "Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiffs' rights guaranteed to them by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers pay wages to their employees not less frequently than on the regularly scheduled payday in accordance with the terms and conditions of employment, NYLL § 191(1)(d); (iv) the NYLL's requirement that employers furnish their

1

employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (v) the NYLL's requirement that employers furnish their employees with a wage notice containing specific categories of accurate information at hire, NYLL § 195(1); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiffs worked for Defendants - - a Queens-based designer and manufacturer of specialized rolling steel security doors and gates and its president - - as non-managerial hourly laborers from August 2007 to May 10, 2019, and from October 2015 to May 23, 2019, respectively. As described below, throughout their employment, but as is relevant herein, for at least the six-year period pre-dating the commencement of this action ("the Relevant Time Period"), Defendants willfully failed to pay Plaintiffs the wages lawfully due to them under the FLSA and the NYLL. Specifically, during at least the Relevant Time Period, Defendants routinely required Plaintiffs to work beyond forty hours in a workweek but failed to compensate them at the rate of one and one-half times their respective hourly rates for all hours that they worked in a week in excess of forty, in violation of the FLSA's and the NYLL's overtime provisions. Instead, Defendants paid Plaintiffs according to inaccurate time records that failed to account for the hours that Defendants required Plaintiffs to work on Saturdays, many of which were in excess of forty in a week.

3. Additionally, Defendants violated the NYLL and the NYCRR by failing to: compensate Plaintiffs at least at their respective regular rates of pay for all hours that they worked each week up to forty in accordance with the terms and conditions of their employment, as Defendants did not pay Plaintiffs for their work Saturdays, which at times were all under forty in a week; provide Plaintiffs with accurate wage statements on each payday; and provide Plaintiff Jimenez with an accurate wage notice at the time of his hire.

4. Defendants paid and treated all of their non-managerial hourly laborers in the same manner.

5. Accordingly, Plaintiffs bring this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiffs bring their claims under New York law on behalf of themselves, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts in to this action.

6. Plaintiffs also bring this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

9. At all times during the Relevant Time Period, each Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Defendant City Gates was a New York corporation with its principal place of business located at 1520 129 Street, College Point, New York 11357.

11. At all relevant times herein, Defendant Vincent Greco was the president of City Gates. In this role, Greco personally managed and oversaw the day-to-day operations of City Gates, and had the power to hire and fire and approve all personnel decisions with respect to all of City Gates's employees, including Plaintiffs and all non-managerial hourly laborers. In fact, Greco hired and fired both Plaintiffs and oversaw their work during their respective terms of employment with Defendants.

12. At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally during all relevant times, City Gates' qualifying annual business exceeded and exceeds $500,000.00, and City Gates was and is engaged in interstate commerce within the meaning of the FLSA as it employed two or more employees, used and uses tools and supplies in the course of its business, such as hammers, ladders, steel, and paint, that originate in states other than New York, and designed, manufactured, and installed rolling steel security doors across state lines, such as in New Jersey, Pennsylvania, and Florida, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs seek to bring this suit to recover from Defendants unpaid overtime and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on their own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial laborers, who at any time during the applicable FLSA limitations period, performed work for Defendants and were paid on an hourly basis, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiffs and all FLSA Plaintiffs similarly in that Plaintiffs and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. At all relevant times, Defendants were aware of the requirement to pay Plaintiffs and all FLSA Plaintiffs at the overtime rate of rate of one and one-half times their respective regular rates of pay for all hours worked each workweek beyond forty, yet they purposefully chose and choose not to do so.

16. Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees at the required overtime rate for all hours worked each workweek beyond forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

20. In addition, Plaintiffs seek to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of themselves, individually, as well as on behalf of all those who are similarly-

situated whom Defendants subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

21. Under FRCP 23(b)(3), a plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c. Claims or defenses of the representative are typical of the class;

    d. The representative will fairly and adequately protect the class; and

    e. A class action is superior to other methods of adjudication.

22. Plaintiffs seek certification of the following FRCP 23 class:

> Current and former non-managerial laborers, who during the applicable NYLL limitations period, performed any work for any of the Defendants in New York and were paid on an hourly basis ("Rule 23 Plaintiffs").

Numerosity

23. During the previous six years Defendants have employed, in total, at least forty employees that are putative members of this class.

Common Questions of Law and/or Fact

24. There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiffs to perform; (2) the manner of compensating the Rule 23 Plaintiffs; (3) whether the Rule 23 Plaintiffs worked in excess of forty hours in a week; (4) whether the Defendants failed to pay the Rule 23 Plaintiffs overtime compensation for all hours worked in excess of forty hours in a week; (5) whether Defendants

failed to pay the Rule 23 Plaintiffs at least at their regular rates of pay for all hours that they worked each week up to forty in accordance with the terms and conditions of their employment; (6) whether Defendants furnished the Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by NYLL § 195(3); (7) whether Defendants furnished the Rule 23 Plaintiffs with a wage notice at the time of hire containing the information required by NYLL § 195(1); (8) whether Defendants kept and maintained accurate records of hours that the Rule 23 Plaintiffs worked; (9) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs for each hour worked; (10) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (11) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (12) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

25.  As described in the "Background Facts" section below, Defendants employed Plaintiffs and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiffs' claims are typical of the claims of the Rule 23 Plaintiffs whom they seek to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants as non-managerial hourly employees, and Defendants did not: pay them overtime pay for all hours worked in a week over forty; and/or pay them at least at their regular rates of pay for all hours that they worked each week up to forty in accordance with the terms and conditions of employment; and/or provide them with accurate wage statements on each payday; and/or provide them with an accurate wage notice at the time of hire.  Plaintiffs and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to receive overtime wages for all hours worked each week over forty, to be paid their regular rates of pay for all hours worked in a week up to forty in accordance with the terms and conditions of employment, and to be furnished

with accurate wage statements on each payday and an accurate wage notice at the time of hire. Plaintiffs and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiffs and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiffs' claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

26. Plaintiffs, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout their employment with Defendants. Defendants did not pay Plaintiffs overtime for all hours worked over forty in a week, did not pay them at least at their regular rate of pay for all hours that they worked each week up to forty in accordance with the terms and conditions of employment, and did not furnish Plaintiffs with an accurate wage statement on each payday or, with respect to Plaintiff Jimenez, an accurate wage notice at the time of hire, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiffs fully anticipate providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiffs would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

27. Additionally, Plaintiffs' counsel has substantial experience in this field of law.

Superiority

28. Plaintiffs have no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein,

Defendants treated Plaintiffs identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

29. Any lawsuit brought by any non-managerial hourly employee of Defendants would be identical to a suit brought by any other similar employee of Defendants for the same violations as alleged herein. Thus, separate litigation would risk inconsistent results.

30. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

31. City Gates is a Queens-based company that designs, manufactures, and installs specialized rolling steel security doors and gates. City Gates designs and manufactures all of its rolling door products at its plant located in College Point, New York, and installs them in its customers' buildings located in New York, New Jersey, Pennsylvania, and Florida.

32. Defendant Greco is the president of City Gates and personally oversees the business on a daily basis, including the direct supervision of Plaintiffs and all FLSA Plaintiffs and Rule 23 Plaintiffs.

33. Defendant Greco, on behalf of City Gates, personally hired Plaintiff Guillen in August 2007 and Plaintiff Jimenez in October 2015.

34. Plaintiff Guillen was employed by Defendants as a non-managerial laborer from in or around August 2007 until May 10, 2019, at which time Defendant Greco personally terminated his employment. For his entire employment, and at least during the Relevant Time Period, Plaintiff Guillen was responsible for painting, welding, cutting, and assembling the doors at Defendants' College Point plant.

35. Plaintiff Jimenez was employed by Defendants as a non-managerial laborer from

9

in or around October 2015 to May 23, 2019, at which time Defendant Greco personally terminated his employment. For his entire employment, Plaintiff Jimenez was responsible for welding the doors at Defendants' College Point Plant.

36. During the Relevant Time Period for Guillen and his entire employment with respect to Jimenez, Defendants scheduled Plaintiffs to work, and Plaintiffs did work, from 8:00 a.m. until 4:30 p.m. from Monday through Friday, with a thirty-minute uninterrupted break each day, for a total of forty hours per week. However, Defendants also scheduled Plaintiffs to work anywhere between two to four Saturdays each month, also from 8:00 a.m. until 4:30 p.m., with a thirty-minute uninterrupted break on each day. Thus, Plaintiffs regularly worked forty-eight hours in a week.

37. During the Relevant Time Period for Guillen and his entire employment with respect to Jimenez, Defendants paid Plaintiffs at the following hourly rates for their work from Monday through Friday only:

> August 2013 to June 30, 2016: $9.00;
>
> July 1, 2016 to December 31, 2016: $10.00;
>
> January 1, 2017 to June 30, 2017: $11.00;
>
> July 1, 2017 to December 31, 2017: $12.00;
>
> January 1, 2018 to December 31, 2018: $13.00; and
>
> January 1, 2019 to May 2019: $15.00.

38. However, for the hours that Defendants required Plaintiffs to work on Saturdays, which unless Plaintiffs took hours off during the week, were in excess of forty hours in a week, Defendants failed to record these hours and accordingly failed to pay Plaintiffs at any rate of pay, much less at the rate of one and one-half times their regular rates of pay for these hours worked.

39. By way of example only, for the workweek of January 10 to January 16, 2019 - - Defendants' workweek ran from Thursday to Wednesday - - Defendants scheduled both Plaintiff Guillen and Plaintiff Jimenez to work, and both Plaintiffs did work, the following schedule:

Thursday, January 10, 2019: 8:00 a.m. to 4:30 p.m.;

Friday, January 11, 2019: 8:00 a.m. to 4:30 p.m.;

Saturday, January 12, 2019: 8:00 a.m. to 4:30 p.m.;

Sunday, January 13, 2019: Off;

Monday, January 14, 2019: 8:00 a.m. to 4:30 p.m.;

Tuesday, January 15, 2019: 8:00 a.m. to 4:30 p.m.;

Wednesday, January 16, 2019: 8:00 a.m. to 4:30 p.m.

Defendants provided Plaintiffs with a thirty-minute uninterrupted break on each day that they worked. However, Defendants paid Plaintiffs for only forty hours of work for the week at a rate of $15.00 per hour, and thus failed to pay Plaintiffs at any rate of pay, let alone at their overtime rates of $22.50, for the eight hours that each Plaintiff worked on Saturday that were in excess of forty that week.

40. Further, for some weeks when Plaintiffs worked less than five full eight-hour days during the week but still worked on Saturday, Defendants still failed to pay them at all for the hours that they worked on Saturday.

41. By way of a second example only, for the week of August 25 to August 31, 2016, Defendants scheduled Plaintiff Jimenez to work, and Plaintiff Jimenez did work, the following schedule:

Thursday, August 25, 2016: 8:00 a.m. to 4:30 p.m.;

Friday, August 26, 2016: 8:00 a.m. to 12:30 p.m.;

11

    Saturday, August 27, 2016: 8:00 a.m. to 4:30 p.m.;

    Sunday, August 27, 2016: Off;

    Monday, August 28, 2016: 8:00 a.m. to 4:30 p.m.;

    Tuesday, August 29, 2016: 8:00 a.m. to 4:30 p.m.;

    Wednesday, August 30, 2016: 8:00 a.m. to 4:30 p.m.

For his work during this specific workweek, Defendants provided Plaintiff Jimenez a thirty-minute uninterrupted break on each day of the week that he worked. For the forty-four hours that Plaintiff Jimenez did work, Defendants paid Plaintiff Jimenez for only thirty-six hours at a rate of $10.00 per hour, and thus failed to pay Plaintiff Jimenez at any rate of pay for the four hours that he worked above thirty-six and up to forty, let alone at his regular rate, nor did they pay him at any rate of pay for the four hours that Jimenez worked in excess of forty, and thus not at time and one-half his regular rate, which was $15.00.

  42.  Defendants paid Plaintiffs on a weekly basis by check.

  43.  On each occasion when Defendants paid Plaintiffs, Defendants failed to provide them with a wage statement that accurately listed their actual hours worked for that week.

  44.  Additionally, Defendants failed to provide Plaintiff Jimenez with any wage notice at the time of his hire, let alone one that accurately listed, *inter alia*, his rate of pay, the frequency of his payments, the regular payday designated by the employer, the name of his employer, and the employer's physical address.

  45.  Defendants treated Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described herein.

  46.  Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

47. Each hour that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

48. Plaintiffs and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

50. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiffs and FLSA Plaintiffs are employees within the meaning of the FLSA.

51. As also described above, Plaintiffs and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

52. Defendants willfully violated the FLSA.

53. Plaintiffs and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

54. Plaintiffs and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

55. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

57. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are employees within the meaning of the NYLL and the NYCRR.

58. As also described above, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

59. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

60. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Timely Wages in Violation of the NYLL*

61. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62. NYLL § 191(1)(d) requires employers to pay all workers their earned wages in accordance with the agreed terms of employment, but not less frequently than on regular paydays as designated in advance by the employer.

63. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are employees within the meaning of the NYLL.

64. As also described above, Defendants failed to compensate Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, in accordance with the agreed terms of employment by failing to pay them for all of their hours worked by the regularly scheduled payday designated in advance by Defendants in accordance with the terms and conditions of their employment.

65. As a result of Defendants' failure to pay Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, all of their earned wages in a timely manner, Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are entitled to all unpaid wages, liquidated damages, interest, and attorneys' fees.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

66. Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

68. As described above, Defendants, on each payday, failed to furnish Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, with wage statements at accurately contained all of the criteria required under the NYLL.

69. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

70. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiffs, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

71. Plaintiff Jimenez, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

72. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

73. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff Jimenez, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, are employees within the meaning of the NYLL.

74. As also described above, Defendants failed to furnish Plaintiff Jimenez, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, with any wage notice at their time of hire, let alone one that accurately contained all of the criteria required under the NYLL.

75. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Rule 23 Plaintiffs and any FLSA Plaintiff who opts in to this action, in the amount of $50.00 for each workweek after the violation initially occurred, up to a statutory cap of $2,500.00.

76. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff Jimenez, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts in to this action, in the

amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

77. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiffs, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiffs and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

   f.  All damages that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

   g.  Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

   h.  Awarding Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiffs;

   i.  Designation of Plaintiffs and their counsel as collective and class action representatives under the FLSA and the FRCP;

   j.  Pre-judgment and post-judgment interest, as provided by law; and

   k.  Granting Plaintiffs, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
    August 9, 2019

                   Respectfully submitted,

                   BORRELLI & ASSOCIATES, P.L.L.C.
                   *Attorneys for Plaintiffs*
                   655 Third Avenue, Suite 1821
                   New York, New York 10017
                   (212) 679-5000

By: _____
    JEFFREY R. MAGUIRE (JM 4821)
    ALEXANDER T. COLEMAN (AC 8151)
    MICHAEL J. BORRELLI (MB 8533)